USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS MENDEZ,

Plaintiff,

-against-

KATONAH STATION, LTD. d/b/a PIZZA STATION and TATJANA NOVAKOVIC,

Defendants.

No. 25-CV-10792 (NSR) (VR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Carlos Mendez ("Plaintiff") objects under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Victoria Reznik's August 20, 2026 ruling concerning the production of certain text messages by Defendants Katonah Station, Ltd. d/b/a Pizza Station and Tatjana Novakovic (collectively, "Defendants"). (ECF No. 49.)

Before Judge Reznik, Plaintiff argued that Defendants had selected 116 pages of text messages from a collection of approximately 3,700 pages without identifying which messages responded to each document request. (ECF No. 48 at 3–5.) Defendants responded that they had reviewed the messages collected from Defendant Novakovic's phone, produced those they determined were responsive in conversation threads, and identified the requests and topics to which the production responded. (*Id.* at 5–10.) Defendants maintained that Federal Rule of Civil Procedure 34 did not require them to assign each message to a particular request. (*Id.* at 10.)

Judge Reznik held that Defendants had satisfied Rule 34 by producing the responsive messages as kept in the usual course of business. (*Id.* at 11–12.) She relied on Defendants' explanation of how they collected and reviewed the messages, their identification of the individuals associated with the phone numbers, and their identification of the requests and topics

to which the production responded. (*Id.*) She separately addressed Plaintiff's concern about missing context. (*Id.* at 13–14.) Judge Reznik directed Defendants to confirm that the production included all responsive portions of the conversation threads. (*Id.*) She directed Plaintiff to identify any specific gaps and request additional messages before or after the relevant portions of a thread where needed to provide context. (*Id.* at 14.) Judge Reznik also rejected Plaintiff's contention that the source of the messages was unclear. (*Id.* at 16–17.) She noted that Defendants had identified Defendant Novakovic's phone as the source and provided the names and phone numbers of the people with whom she exchanged messages. (*Id.*)

A magistrate judge may decide a nondispositive pretrial matter referred by a district judge. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A party may object within 14 days after being served with the order. *See* Fed. R. Civ. P. 72(a). The district judge must consider timely objections and modify or set aside any part of the order that is "clearly erroneous or is contrary to law." *Id.*; *Foli v. Metro-N. R.R.*, 2025 WL 636093, at *2 (S.D.N.Y. Feb. 27, 2025). Once discovery matters have been referred to a magistrate judge, they are within that judge's province, and the magistrate judge has broad discretion in resolving discovery disputes. *See Foli*, 2025 WL 636093, at *2; *see also MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) ("magistrates are afforded broad discretion in resolving discovery disputes."). A magistrate judge's ruling is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted).

After reviewing Plaintiff's objections, Defendants' opposition, and the August 20, 2026 conference transcript, the Court concludes that Judge Reznik's ruling was not clearly erroneous or contrary to law. Judge Reznik's finding that Defendants produced the messages as kept in the usual course of business rested on their explanation of how the messages were collected, reviewed, and produced. (ECF No. 48 at 11–12.) She also accounted for Plaintiff's concern about incomplete conversations by requiring Defendants to confirm that the production included all responsive portions of the threads and directing Plaintiff to identify specific gaps. (*Id*. at 13–14.) When Judge Reznik asked whether Plaintiff had identified gaps in the produced threads and requested the missing portions from Defendants, Plaintiff acknowledged that he had not. (*Id*. at 8.)

Rule 34 provides that a party "must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). Defendants satisfied the former option and were not required to satisfy the latter as well. Plaintiff's concern that Defendants may have omitted other responsive conversations does not, without a specific basis to question Defendants' review, establish that Judge Reznik clearly erred in accepting their account of that review. Nor does the record show that Defendants withheld responsive text messages on the basis of an objection without disclosing that fact, as Rule 34(b)(2)(C) requires. Plaintiff has therefore not shown that Judge Reznik's ruling warrants modification under Rule 72(a). Plaintiff's objections are overruled.

Plaintiff is directed to comply with Judge Reznik's directive. To the extent Plaintiff identifies gaps or a lack of context in the produced text messages, Plaintiff shall identify the messages at issue and request additional messages from Defendants that would provide context for the relevant conversation threads. Defendants remain directed to confirm that their production includes all responsive portions of the conversation threads, as Judge Reznik ordered.

SO ORDERED:

Dated: September 23, 2026
White Plains, NY

NELSON S. ROMÁN
United States District Judge